## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYAN DURRELL CROOM,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO. 06-1431** |
| **v.** | : | |
| | : | |
| **WARDEN GEORGE A. WAGNER,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

Stengel, J.                                                September 11, 2006

    This case arises under 42 U.S.C. § 1983 and alleges violations of the Fourth,

Eighth, and Fourteenth Amendments to the United States Constitution.  The plaintiff, Ryan

Durrell Croom ("Croom"), is a pro se plaintiff.  He was a prisoner of Berks County Prison

("BCP") during all times relevant to this cause of action.  Croom initiated this civil action

against various officers and employees of BCP ("BCP Defendants"[1]) due to their acts or

omissions while he was a prisoner at BCP.  In particular, Croom claims the BCP

Defendants: (1) failed to protect him from his cell mate; (2) denied him equal protection of

the law because he is a homosexual; (3) denied him the required due process in a

disciplinary proceeding; and (4) encouraged his cell mate to file false charges against him

due to his sexual orientation.  BCP Defendants filed a motion for judgment on the

---

[1]The BCP Defendants include the following individuals: (1) Warden George A. Wagner; (2) Sergeant Kyle Russell; (3) Sergeant Daniel VanBilliard; (4) Correctional Officer Miguel Vargas; (5) Correctional Officer Troy Williamson; (6) Correctional Officer Mark Speece; (7) Correctional Officer Travis Fuchs; (8) Correctional Officer Matthew Lutz; and (9) Correctional Officer David Kope.

pleadings.  The plaintiff filed no response.  I will grant the defendants' Rule 12(c) motion

on both procedural and substantive grounds.

## I.    BACKGROUND[2]

In January 2006, Croom was incarcerated at BCP.  At some point during that month

he was placed in a cell in BCP's disciplinary segregation unit with another prisoner

("Cellmate").  Croom had informed prison officials of his homosexuality prior to sharing a

cell with Cellmate.  During the period that the plaintiff and Cellmate were together,

Cellmate "exhibited behaviors that are not compatible, ranging from screaming, banging,

utilizing racial slurs, and finally relieving himself of bodily waste in a fashion that negates

any anticipated method."  Pl. Compl.

Eventually, a physical altercation occurred between Croom and Cellmate, with

Cellmate needing medical attention for the injuries he incurred.  Cellmate initially told

Correctional Officer Williamson about the altercation and then, at his medical evaluation,

Cellmate claimed he was raped by the plaintiff.  (Cellmate did not mention the rape

allegation to defendant Williamson.)  Subsequently, Cellmate recanted his rape charge;

however, Croom did admit to engaging in consensual sex with Cellmate.  Cellmate

claimed defendants Vargas, Fuchs, Speece, Lutz, and Kope encouraged him to fabricate

the rape claims because the defendants disliked Croom and his sexual orientation.  In

---

[2]This recitation of the facts "accepts all material allegations of the complaint as true and construes all inferences in the light most favorable to the plaintiff."  Desi's Pizza, Inc. v. City of Wilkes-Barre, No. 01-0480, 2006 U.S. Dist. LEXIS 59610, at *13-14 (M.D. Pa. Aug. 23, 2006) (discussing the standard to apply to Rule 12(c) motions).

addition, Croom avers that "prison officials" released information regarding the alleged assault to the media.  After the confrontation, the plaintiff requested that his cell assignment be changed because Cellmate had excreta issues.

As a result of the incident with Cellmate, BCP charged Croom with sexual misconduct on an institutional level.  The charge does not require "a finding of force but applies to instances of sexual activity prohibited at the prison." Defs.' Answer at 3.  Defendant Sergeant VanBilliard conducted a misconduct hearing.  After the hearing, the plaintiff was found guilty of sexual misconduct, penalized with "disciplinary time," and deprived of his final opportunity at parole.  Pl. Compl.

On April 27, 2006, Croom filed a 42 U.S.C. § 1983 civil rights complaint alleging violations of his Fourth, Eighth, and Fourteenth Amendments' rights and seeking injunctive relief and compensatory damages in the amount of $50,000.  On June 6, 2006, BCP Defendants filed their answer and on July 11, 2006, the BCP Defendants filed a motion for judgment on the pleadings.  On August 11, 2006, the motion for judgment on the pleadings was served on Croom (Docket No. 25) and Croom failed to file a response within the fourteen (14) days required by Local Rule of Civil Procedure 7.1(c).

## II.    BCP DEFENDANTS' UNCONTESTED RULE 12(c) MOTION

Under the Rule of Civil Procedure of the U.S. District for the Eastern District of Pennsylvania 7.1(c):

> [A]ny party opposing the motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within

fourteen (14) days after service of the motion and supporting brief.  In the absence of timely response, the motion may be granted as uncontested except that a summary judgment motion, to which there has been no timely response, will be governed by Fed. R. Civ. P. 56(c).

Here, the BCP Defendants' Rule 12(c) motion for judgment on the pleadings was served on Croom on August 11, 2006.  The fourteen days in which Croom had to file a response expired on August 25, 2006.  Croom not only failed to file a response as of August 25, 2006, but as of today, no response has been filed.  Accordingly, I have the authority to dismiss the plaintiff's claims and grant the defendants judgment on the pleadings.  Since the BCP Defendants' motion is a dispositive motion, before I grant the defendants' motion on this procedural ground I will also take up each of Croom's claims and apply the applicable legal standard to determine if they have any merit.

## III.    JUDGMENT ON THE PLEADINGS STANDARD

"Motions for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) are reviewed under the same standard as motions to dismiss pursuant to Rule 12(b)(6)."  Piskanin v. Hammer, No. 04-1321, 2005 U.S. Dist. LEXIS 28135, at *8 (E.D. Pa. Nov. 14, 2005) (citing Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004)).  When considering a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the court must accept the complaint's allegations as true and draw all reasonable inferences in the plaintiff's favor.  Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1164-65 (3d Cir. 1987).

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to

4

state a claim upon which relief can be granted."  The rule is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted."  Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999).  Under Rule 12(b)(6), a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The issue, therefore, is not whether the plaintiff will ultimately prevail, but whether she is entitled to offer evidence to support her claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); See also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

## IV.   DISCUSSION

Under 42 U.S.C. § 1983, a private party may recover in an action against any person acting under the color of state law who deprives the party of his or her constitutional rights.[3]  Therefore, in order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) the violation of a right secured by the Constitution, and (2) that the constitutional deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Section 1983 does not by itself confer

---

[3]Section 1983 provides in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .
42 U.S.C. § 1983.

substantive rights, but instead provides a remedy for redress when a constitutionally protected right has been violated.  Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985).  To determine if a person was acting under the color of state law, the court must ask whether the plaintiff's deprivation was "caused by the exercise of some right or privilege created by the State" and whether the defendant "may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

I will address the BCP Defendants' arguments with respect to the exhaustion of administrative remedies first, the personal involvement of the named defendants in any constitutional violation second, and the individual claims brought pursuant to § 1983 third.

A.     Exhaustion of Administrative Remedies

The BCP Defendants argue that the plaintiff failed to exhaust his administrative remedies because: (1) his complaint states he does not know the specific dates or specific grievances he filed with BCP; (2) the plaintiff does not aver that any of his grievances relate to the allegations in the complaint; and (3) the plaintiff does not claim in his complaint that he followed the appropriate appeals procedure for grievances in BCP.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust a correctional facility's administrative remedies before he can initiate a § 1983 action in federal court regarding the facility's conditions.[4]  The PLRA applies to any claim that

---

[4] The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983) or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available have been exhausted." 42 U.S.C. § 1997e(a).

6

arises in the prison setting.  See Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he

PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they

involve general circumstances or particular episodes, and whether they allege excessive

force or some other wrong.").  Furthermore, Congress "has provided in [the PLRA] that an

inmate must exhaust [administrative remedies] irrespective of the forms of relief sought

and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6

(2001).  The Third Circuit has held that the exhaustion requirement is absolute, absent

circumstances where no administrative remedy is available.  See Spruill v. Gillis, 372 F.3d

218, 227-28 (3d. Cir. 2004); Nyhuis v. Reno, 204 F.3d 65, 67 (3d. Cir. 2000); but see

Freeman v. Snyder, No. 98-636-GMS, 2001 U.S. Dist. LEXIS 16634, at *15-16 (D. Del.

Apr. 10, 2001) (finding that if no administrative remedy is available, the exhaustion

requirement need not be met).  However, failure to exhaust is an affirmative defense,

which the inmate need not plead or prove, and in order for it to provide a basis for a

motion to dismiss, the defendants carry the burden of proving such a failure. See Brown v.

Croak, 312 F.3d 109, 111 (3d Cir. 2002); Kretchmar v. Beard, No. 05-6108, 2006 U.S.

Dist. LEXIS 49530, at *12-13 (E.D. Pa. July 18, 2006).

 Here, the BCP Defendants have not met their burden.  The claims by the defendants

only prove the plaintiff failed to provide precise information as to how he exhausted the

administrative remedies.  In his complaint, the plaintiff concedes a grievance system exists

at BCP, but he also claims to have "sufficed all necessary aspects of review."  Pl. Compl.

7

As to the particularity of his complaint with respect to exhaustion, Croom claims he is

unable to provide precise data because BCP deprived him of his necessary paperwork

detailing his actions.  See also Ray v. Kertes, 285 F.3d 287, 297-98 (3d Cir. 2002) (noting

"no provision of the PLRA requires pleading exhaustion with particularity").  The BCP

Defendants do not contradict Croom's statements and they do not affirmatively prove the

failure to exhaust.  If the court is to accept all the facts alleged in the complaint as true and

draw all reasonable inferences from those facts, Croom could have complied with the BCP

grievance system with respect to the claims that form the basis of this action.  Without

further discovery, there is insufficient evidence to find that Croom failed to exhaust his

administrative remedies.

Accordingly, I will not dismiss the plaintiff's claims on this procedural defect.  This

exhaustion question cannot be resolved as a matter of law without discovery taking place.

        B.      Personal Involvement Requirement

BCP Defendants contend that Croom's claims against them must be dismissed

because Croom has failed to show that any of the named defendants were personally

involved in any of the alleged constitutional violations.  The Third Circuit has held that "a

defendant in a civil rights action must have personal involvement in the alleged wrongs;

liability cannot be predicated solely on the operation of respondeat superior. Personal

involvement can be shown through allegations of personal direction or of actual

knowledge and acquiescence.  Allegations of participation or actual knowledge and

acquiescence, however, must be made with appropriate particularity." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

Here, Croom has stated no basis for holding Warden George Wagner liable for the actions alleged in his complaint. The only mention of Warden Wagner in the complaint is Croom's statement that his final attempt for relief was addressed to Warden Wagner. Without more, this is insufficient to state a claim upon which relief can be granted. Croom has not alleged that Warden Wagner ordered or knew of and acquiesced in his cell assignment, disciplinary hearing, or media leak. Furthermore, neither the filing of a grievance nor an appeal of a grievance to Warden Wagner is sufficient to impose knowledge of any wrongdoing. <u>See Rode</u>, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); <u>Pressley v. Blaine</u>, No. 01-2468, 2006 U.S. Dist. LEXIS 30151, at *17 (W.D. Pa. May 17, 2006) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern." (citing <u>Garfield v. Davis</u>, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983))).

In addition, Croom's only mention of defendant Williamson in his complaint is the fact that Cellmate did not initially inform Williamson he was raped. Cellmate's omission does not implicate Williamson. Williamson responded to the altercation between the plaintiff and Cellmate and received Cellmate's complaint of the incident. Williamson performed his job. He did not participate in or have knowledge of any of the alleged

9

wrongs.  Therefore, the plaintiff is not entitled to any type of relief for the actions of Williamson outlined in the complaint.

Based on the foregoing, I will dismiss the case against defendants Warden Wagner and Williamson.  Croom failed to state a claim against either of them upon which relief can be granted.  However, Croom names the remaining BCP Defendants as participants in the alleged wrongs.  Therefore, I will discuss the merits of those claims next.

C.      SECTION 1983 CLAIMS[5]

Neither party contests that the remaining BCP Defendants were state actors when they acted as correctional officers at BCP.  Therefore, I will discuss each of the alleged constitutional violations raised by the plaintiff.  I do this mindful of the fact that pro se filings with the court are construed liberally in favor of the plaintiff.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).

1.      Fourth Amendment Claim[6]

Croom states in his complaint that he is "entitled to due process under the 4[th] and 14[th] Amendment" and prison officials violated his 4th Amendment rights.  Pl. Compl.  The Fourth Amendment protects a person from unreasonable searches and seizures.  See U.S. Const. amend. IV.  Croom does not state any claim that is cognizable under the Fourth

---

[5]As mentioned above, in order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) the violation of a right secured by the Constitution, and (2) that the deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

[6]The Fourth Amendment states in relevant part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."  U.S. Const. amend. IV.

Amendment.  To the extent Croom alleges his due process rights were violated, those rights exist under the Due Process Clause of the Fourteenth Amendment and those claims are discussed below.

2.   *Eighth Amendment Claim*[7]

Croom alleges his Eighth Amendment rights against "cruel and unusual punishment" were violated when the BCP Defendants forced him to share a cell with Cellmate.  Plaintiff claims he was confined with an individual who displayed "behaviors and or characteristics of an individual plagued by mental illness" and "incapable of functioning with a sense of normalcy."  Pl. Compl.  Based on his homosexuality, which prison officials knew of, the plaintiff states his cell arrangement at BCP should have been closely scrutinized.

It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In addition, the Eighth Amendment imposes duties on prison officials to "'take reasonable measures to guarantee the safety of the inmates' . . . [including] to protect prisoners from violence at the hands of other prisoners."  Id. at 832-33 (internal quotation marks and citations omitted) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."  Id. at 834 (internal

---

[7]The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."  U.S. Const. amend. VIII.

11

quotations omitted).

In order for Croom to state an Eighth Amendment claim based on a failure to protect, an objective component and a subjective component must be satisfied. First, the alleged constitutional violation must be "objectively, 'sufficiently serious,' . . . the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. "[A] pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley v. Jaffe, 777 F.2d 143, 147 (3d Cir. 1985). Second, the prison officials "must have a sufficiently culpable state of mind . . . [and] that state of mind is one of 'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834 (internal quotations omitted). Deliberate indifference is more than negligent conduct. To be deliberate indifferent, a prison official "must know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

Here, the plaintiff has failed to state a § 1983 claim for an Eighth Amendment violation due to the prison officials' failure to protect. He does not satisfy either of the two prongs outlined in Farmer. The abnormal behavior of Cellmate detailed in the complaint does not rise to the level of a "substantial risk of serious harm." While screaming and banging may be annoying and racial slurs demeaning, they did not subject the plaintiff to the type of harm protected by the Eighth Amendment. Croom's claim that it was "well known to BCP that [Cellmate] has aspirations to urinate outside his cell or

inside in places other than the toilet," is a "bald assertion" that this court need not credit.

See Cal. Pub. Emples. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004)

(discussing the standard for a Rule 12(b)(6) motion to dismiss).  The complaint only

mentions one incident of Cellmate inappropriately relieving himself.  The incident resulted

in the separation of Croom and Cellmate and, in any event, one such incident is not

enough to raise Eighth Amendment concerns.  Finally, Croom fails to offer any support for

the baseless claim that the BCP Defendants did not consider his homosexuality when

making his cell assignment.  He does not allege that Cellmate had a hatred for or displayed

violent tendencies towards homosexuals so that his living situation subjected him to a

substantial risk of harm.  It is worth noting that it was Croom who injured Cellmate, it was

Cellmate who required medical attention, and it was Croom who was charged with

institutional sexual misconduct.  As for the subjective element under Farmer, Croom

asserts in his complaint that Cellmate exhibited the abnormal behavior while Croom was

housed with him.  He does not claim any of the defendants witnessed or had knowledge of

prior behavior of Cellmate that would create an excessive risk to Croom's health or safety.

Accordingly, I will dismiss the plaintiff's § 1983 Eighth Amendment claim for

failure to protect.

### 3.    *Fourteenth Amendment Due Process Claim*[8]

---

[8]The Due Process Clause of the Fourteenth Amendment states: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV.

Croom claims his right to due process was violated when Sergeant VanBilliard conducted his BCP misconduct hearing and found him guilty of sexual misconduct because an outside agency had not yet concluded its investigation of the assault incident. Croom does not name the outside agency.

In order for a plaintiff to assert a due process violation, the interest at stake must be one that is protected by the Due Process Clause of the Fourteenth Amendment.  Thus, "[i]n analyzing a procedural due process claim, the first step is to determine whether the nature of the interest is one within the contemplation of the 'liberty or property' language of the Fourteenth Amendment."  Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000).  If a prisoner satisfies the first step, i.e., he is threatened with a substantial deprivation of rights or privileges as a result of the alleged misconduct, then the process he is entitled to is:

> (1) an impartial tribunal; (2) advance written notice of the charges and underlying evidence; (3) an opportunity to call witnesses and present documentary evidence (to the extent compatible with the needs of the prison); (4) aid from a fellow inmate or staff representative, if [Croom] were illiterate or if the issues were complex; and (5) a written statement by the factfinders describing the evidence relied on and the reasons for disciplinary action taken.

Perez v. McKean, 136 Fed. Appx. 542, 543-44 (3d Cir. 2005) (citing Wolff vs. McDonnell, 418 U.S. 539, 563-72 (1974)).  In addition, the decision at a disciplinary hearing must be supported by some evidence. See Superintendent v. Hill, 472 U.S. 445, 454 (1985).  But a prisoner's due process rights in a prison's disciplinary proceeding do not include an independent investigation of any alleged infraction.

14

Here, Croom does not state a due process claim for which relief can be granted. First, Croom does not claim he was deprived of any constitutional right or liberty interest as a result of being found guilty at the BCP disciplinary hearing.   To the extent Croom rests his due process argument on losing his final opportunity at parole, "there is no constitutional right or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 464 (1981).  In fact, the Pennsylvania Supreme has held that "a denial of parole does not implicate a constitutionally protected liberty interest." Coady v. Vaughn, 770 A.2d 287, 291 (Pa. 2001).  If Croom is arguing that the disciplinary time he received as punishment at the BCP hearing impacted a protectable liberty interest, the Supreme Court requires an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" for that argument to have any weight.  See Sardin v. Conner, 515 U.S. 472, 483 (1995) (announcing the standard for determining whether prison conditions deprive a prisoner of a liberty interest that is protected by procedural due process guarantees).  Croom does not plead any facts that indicate the disciplinary time was either "atypical" or "significant."  Finally, Croom does not claim he lost any good time credit - a recognized liberty interest.  See Ingram v. Beeler, No. 05-3018, 2005 U.S. App. LEXIS 19411, at *3 (3d Cir. Sept. 8, 2005).

Second, even assuming that BCP infringed on a constitutional liberty interest of Croom, Croom has failed to allege a due process violation.  He in no way objects to how

15

the disciplinary proceedings were conducted.  He does not claim he was denied an

opportunity to be heard or voice objections.  He does not argue he was not given notice of

the hearing.  He does not aver that the decision at the disciplinary hearing was not

supported by some evidence.  In short, he does not contest that the process he received was

adequate.

Finally, taking as true Croom's allegation that defendants Vargas, Fuchs, Speece,

Lutz, and Kope encouraged Cellmate to fabricate the rape charges, this does not constitute

a constitutional violation.  "Federal courts [have] determined that the filing of unfounded

administrative charges against an inmate may result in a procedural due process violation

only when such charges were not subsequently reviewed in a hearing.  Thus, even if false

charges impaired a protected liberty interest, as long as prison officials granted the inmate

a hearing and an opportunity to be heard, the filing of unfounded charges did not give rise

to a procedural due process violation actionable under section 1983."  Boyd v. Imhoff, No.

04-206, 2006 U.S. Dist. LEXIS 18176, at * 9-10 (W.D. Pa. Feb. 22, 2006) (citing Freeman

v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)); see also Flanagan v. Shively, 783 F. Supp.

922, 931 (M.D. Pa. 1992).  Croom was afforded a disciplinary hearing and, thus, had an

opportunity to challenge the allegedly false accusations.

Consequently, with no liberty interest cognizable under the Fourteenth

Amendment's Due Process Clause jeopardized and a hearing and opportunity to be heard

provided to Croom, I will dismiss the due process claims against the BCP Defendants.

16

4.      *Fourteenth Amendment Equal Protection Claim*[9]

Croom states in his complaint: "I am entitled to equal protection despite my sexual

preference under the 14th Amendment." Pl. Compl.  In order for a plaintiff to state an

equal protection claim based upon purported selective treatment, a plaintiff must allege:

> (1) the plaintiff, compared with others similarly situated, was selectively
> treated and (2) the selective treatment was motivated by an intent to
> discriminate on the basis of impermissible considerations, such as race or
> religion, to punish or inhibit the exercise of constitutional rights, or by a
> malicious or bad faith intent to injure.  A plaintiff must at least allege and
> identify the actual existence of similarly situated persons who have been
> treated differently and that the government has singled out plaintiff alone
> for different treatment.

Marcavage v. City of Philadelphia, No. 04-4741, 2006 U.S. Dist. LEXIS 55643, at *17-18

(E.D. Pa. Aug. 3, 2006) (internal citation omitted) (citing City of Cleburne v. Cleburne

Living Ctr., 473 U.S. 432, 439 (1985)).

Here, Croom does not offer any facts to demonstrate to this court how he was

denied equal protection of the law by the BCP Defendants because of his homosexuality.

He does not identify any similarly situated persons who were treated differently than

Croom by the BCP Defendants.  Therefore, I will dismiss the plaintiff's equal protection

claim for failure to state a claim upon which relief can be granted.

5.      *Disclosure to the Media*

Croom claims "prison officials elected to divulge certain elements of the [sexual

---

[9]The Equal Protection Clause of the Fourteenth Amendment reads: "[N]or shall any State . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV.

17

misconduct] matter to the media and eventually the matter was exposed."  Pl. Compl.  He

offers no support for this claim nor does he identify the prison officials who allegedly

disclosed the information to the media.  Such unfounded, vague statements cannot form

the basis for a § 1983 claim.  Ross v. Meagan, 638 F.2d 646, 650 (3d Cir. 1981) ("[T]his

court has consistently demanded that a civil rights complaint contain a modicum of factual

specificity, identifying the particular conduct of defendants that is alleged to have harmed

the plaintiffs. . . . [O]ur case law requires dismissal of complaints which contain only

vague and conclusory allegations.").  I will therefore dismiss any claim of the plaintiff that

rests on prison officials disclosing information to the media.

      D.    Qualified Immunity

      BCP Defendants argue that the court should issue a judgment on the pleadings in

their favor because they are shielded by the defense of qualified immunity.

      Qualified immunity protects public officials performing discretionary functions

from liability under 42 U.S.C. § 1983 "insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have

known." Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 192 (3d Cir. 2005); see also

Saucier v. Katz, 533 U.S. 194, 200 (2001).  In the Third Circuit, "qualified immunity is an

objective question to be decided by the court as a matter of law," although "[t]he jury

. . . determines disputed historical facts material to the qualified immunity question."

Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002).

The Third Circuit has established a two-step analysis to determine whether qualified immunity bars a § 1983 claim.  <u>Harvey</u>, 421 F.3d at 192.  Under the first step, the court must determine whether the defendants violated the plaintiff's "clearly established" rights.  "This entails a finding of a constitutional or statutory violation as well as a finding that the violated right was clearly established at the time of the violation."  <u>Id.</u>  "If the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the [correctional] officer is entitled to immunity."  <u>Bennett</u>, 274 F.3d at 136.

Here, it has already been determined that the BCP Defendants did not violate Croom's rights under the Fourth, Eighth, or Fourteenth Amendment.  Accordingly, there was no violation of Croom's constitutional rights and the qualified immunity defense shields the BCP Defendants from liability.

**V.      CONCLUSION**

Based on the foregoing, I will grant the BCP Defendants' motion for judgment on the pleadings and dismiss all claims of the plaintiff with prejudice.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RYAN DURRELL CROOM,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO. 06-1431** |
| v. | : | |
| | : | |
| **WARDEN GEORGE A. WAGNER,** | : | |
| et al., | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW**, this 11th day of September, 2006, upon consideration of Defendants'
Motion for Judgment on the Pleadings (Docket No. 23) pursuant to Federal Rule of Civil
Procedure 12(c), it is hereby **ORDERED** that the motion is **GRANTED** and all claims of
the Plaintiff are **DISMISSED** with prejudice.

The Clerk of Court shall mark this case as **CLOSED** for statistical purposes.

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.